# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Case No. 19-23983-bhl |
|     Dawn M. Wiseman, | |
|         Debtor. | Chapter 7 |

| | |
|---|---|
| Dawn M. Wiseman, | |
|     Plaintiff, | Adversary No. 19-02153-bhl |
| v. | |
| Milwaukee Radiologists Ltd., S.C. | |
|     Defendant. | |

## DECISION AND ORDER

### INTRODUCTION

    This case involves a default judgment motion relating to a medical-service provider's alleged violations of the automatic stay and the Wisconsin Consumer Act. The underlying adversary complaint alleges that a radiology group improperly mailed a small number of invoices to a chapter 7 debtor's deceased husband, requesting payment of a small, $12.61 balance due for medical services provided to him. The medical-service provider did not answer the complaint, and the debtor then asked the court to enter a default judgment for more than $10,000, including nearly $2,500 in attorneys' fees and $8,000 for "emotional injury and punitive damages." (Pl.'s Proposed Order, ECF No. 6.)

    Because the record shows that the defendant's collection efforts were directed against the debtor's deceased husband – not the debtor or her bankruptcy estate – there was no violation of the automatic stay or the Wisconsin Consumer Act. Simply put, the debtor's bankruptcy filing automatically stayed actions to collect *against the debtor* and *her bankruptcy estate*; it did not prevent the radiology group from acting to collect against the debtor's deceased spouse or his estate. Accordingly, the default judgment motion is denied, and the adversary complaint is dismissed.

# BACKGROUND

Dawn Wiseman filed a chapter 7 bankruptcy petition and schedules on April 26, 2019. The bankruptcy filing came shortly after the death of her husband, James Wiseman, Jr.

Prior to his death, the debtor's husband received medical services from Milwaukee Radiologists Ltd., S.C. At the time he passed away, he owed Milwaukee Radiologists a small $12.61 balance, net of applicable insurance payments and adjustments. The debtor did not identify Milwaukee Radiologists on her list of creditors or bankruptcy schedules. As a result, Milwaukee Radiologists received no notice of the debtor's bankruptcy. The debtor has made no effort to amend her schedules to list Milwaukee Radiologists as a creditor.

On May 11, 2019, about two weeks after the debtor's bankruptcy petition, Milwaukee Radiologists sent an invoice for the debtor's husband's outstanding medical charges. The invoice was addressed to the debtor's deceased husband, not the debtor. Milwaukee Radiologists mailed the invoice to him at the address he had shared with the debtor.

About two weeks later, on May 29, 2019, counsel for the debtor responded to Milwaukee Radiologists with a letter advising that the debtor's husband had passed away. The letter also confusingly stated that "[a]ny debts of James Wiseman that would be considered marital property and are [sic] included in the bankruptcy estate. Any collection action directed toward Dawn Wiseman is a violation of the Automatic Stay." (Pl.'s Mot. Default J. Exh. B-1, ECF No. 4.)[1] Counsel enclosed a notice of the debtor's case filing with the letter.

On August 12, 2019, Milwaukee Radiologists sent a second invoice to the debtor's deceased spouse. The second invoice was materially the same as the first invoice. It was again directed to the debtor's husband at the address he had shared with the debtor and requested payment of the same $12.61 balance.

The court entered a discharge order in the debtor's bankruptcy case on August 14, 2019. Several days later, debtor's counsel called Milwaukee Radiologists to complain about its efforts to collect on the deceased husband's debt. According to debtor's counsel, a representative for Milwaukee Radiologists explained that it had not received her May 29 letter and asked that the letter be resent to a fax number. The representative also told counsel that a note would be added

---

[1] Presumably, counsel intended to say that the debts of James Wiseman might be considered marital *debts*, not marital *property*. A debt is not a property interest, but rather an obligation. 11 U.S.C. §101(12) ("The term 'debt' means liability on a claim.").

to the file, confirming that the husband had passed away and that his widow had filed for bankruptcy.

On August 19, 2019, debtor's counsel faxed and mailed a copy of her earlier letter to Milwaukee Radiologists' Patient Services Department. The fax cover sheet stated, "Continued collection efforts against James Wiseman are a violation of the automatic stay."[2] (Pl.'s Mot. Default J. Exh. B-2, ECF No. 4.)

Milwaukee Radiologists' invoicing efforts stopped, but not immediately. Over the next few weeks, on August 26 and October 10, 2019, the medical-services provider sent two more invoices. These final two invoices were materially identical to the first two invoices. They were again directed to James Wiseman (not the debtor), were sent to the address he had shared with the debtor, and requested payment of the same $12.61 balance.

On September 13, 2019, after the third, but before the fourth invoice, the debtor filed an adversary complaint against Milwaukee Radiologists, alleging violations of the automatic stay and the Wisconsin Consumer Act. Milwaukee Radiologists has not answered and has not appeared for any proceedings in this adversary matter. On October 30, 2019, the debtor moved for default judgment and requested an award of $8,000 in non-economic (emotional distress and punitive) damages plus attorneys' fees and costs.

## ANALYSIS

The debtor seeks entry of a default judgment against Milwaukee Radiologists based on its failure to answer the complaint. A defendant's failure to answer, however, does not necessarily "entitle the plaintiff to a default judgment." *In re Stangel*, 593 B.R. 607, 612 (Bankr. E.D. Wis. 2018). A plaintiff must still "establish that the well-pleaded facts found in the complaint, if taken as true, amount to a legally cognizable claim for relief upon which a judgment may be entered." *In re Wolf*, 595 B.R. 735, 754 (Bankr. N.D. Ill. 2018) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see, e.g., VLM Food Trading Int'l,*

---

[2] Counsel's statement in the fax cover sheet is incorrect. The automatic stay never applied to collection efforts against James Wiseman, who did not file a bankruptcy petition. Moreover, even if he had been part of the debtor's bankruptcy filing and covered by the automatic stay, by the time of the fax, the court had entered a discharge order and thus the automatic stay was no longer in effect. *See* 11 U.S.C. §362(c)(2)(C) ("the stay…continues until…the time a discharge is granted or denied"). Any bar on further collection efforts after the discharge would have to be the result of the discharge injunction, not the automatic stay. The plaintiff has not alleged any violations of the discharge injunction and, even if she did, the discharge applies only to claims against the debtor. *See* 11 U.S.C. §727(b). It would not apply to claims against her deceased husband or efforts to collect against his separate property.

*Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

The debtor's adversary complaint alleges claims for violations of: (1) the automatic stay and (2) the Wisconsin Consumer Act. To warrant a default judgment, the debtor must establish that the well-pleaded facts entitle her to relief on these claims. *In re Wolf*, 595 B.R. at 754.

### A. Milwaukee Radiologists' Requests for Payment from James A. Wiseman, Jr. Did Not Violate the Automatic Stay.

In Count I of the adversary complaint, the debtor alleges that Milwaukee Radiologists willfully violated section 362(a)(1). (Complaint ¶¶ 18-19, ECF No. 1.) In support of this claim, the debtor alleges that Milwaukee Radiologists "has continued to send bills to Plaintiff to collect on a pre-petition medical bill of Plaintiff's deceased husband, James Wiseman." (Complaint ¶ 8, ECF No. 1.) This claim and the supporting allegations suffer from two problems. First, debtor's counsel has invoked the wrong subsection of 362(a). Second, even if the debtor's claim were based on the correct subsection, the allegations do not support a claim for relief.

The debtor's invocation of section 362(a)(1) is misplaced because that subsection imposes a stay on "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." The debtor does not allege that Milwaukee Radiologists ever "commenced or continued" legal "proceedings" against anyone, let alone the debtor. The debtor alleges that Milwaukee Radiologists sent collection letters to her deceased husband after her bankruptcy filing. Sending a collection letter is not the commencement or continuation of a legal proceeding. Thus, based on the facts of the complaint, Milwaukee Radiologists has not violated section 326(a)(1) and the debtor has not met her burden to establish a legally cognizable claim for relief under that subsection.

Presumably, counsel intended to allege a violation of section 362(a)*(6)*, which imposes a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." This subsection is more applicable to the factual allegations in the complaint. But even if the court were to rewrite the complaint for the debtor, she is still not entitled to relief. Section 362(a)(6) applies only to actions to collect on claims *against the debtor*. The record shows that Milwaukee Radiologists' collection actions were directed to the debtor's deceased husband, not against the debtor. The automatic stay generally does not extend to non-debtors. *Brown v. Jevic*, 575 F.3d 322, 328 (3d Cir. 2009) (citing *Pitts v. Unarco Indus.*, 698 F.2d 313, 314 (7th Cir. 1983); *Williford v. Armstrong World Indus., Inc.*, 715

F.2d 124 (4th Cir. 1983); *Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 4 (1st Cir. 1983)). Milwaukee Radiologists' conduct in sending invoices to the debtor's deceased, non-debtor husband did not run afoul of the automatic stay. *See In re Thongta*, No. 07-21837-SVK, 2009 WL 1587308, at *2 (Bankr. E.D. Wis. June 5, 2009) ("the automatic stay does not protect the non-filing spouse from a creditor's collection activities").

The debtor's primary argument for a stay violation is that "Wisconsin is a marital property state and James had no separate individual property that creditors could collect from – all of his interests in property passed to [the debtor] at his death." (Pl.'s Brief in Supp. 2, ECF No. 11.) But Milwaukee Radiologists possesses valid claims against the deceased spouse. As his creditor, Milwaukee Radiologists has the right to collect against his individual property, notwithstanding his wife's bankruptcy. *See In re Thongta*, No. 07-21837-SVK, 2009 WL 1587308, at *3 (Bankr. E.D. Wis. June 5, 2009) ("the stay does not protect the non-filing spouse from collection activities against her individual property"). If he has no separate property, Milwaukee Radiologists' collection efforts would be futile (as they appear to have been), but Milwaukee Radiologists nonetheless retained the right to attempt such collections, including against the husband's estate after he passed away. Neither his death nor his widow's subsequent bankruptcy extinguished the creditor's right to try to collect against his separate property, and any individual property of the debtor's deceased husband that passed to the debtor at his death would have passed subject to Milwaukee Radiologists' preexisting claim.

If Milwaukee Radiologists had taken collection efforts against marital property in which the debtor had an interest, it would have run afoul of the stay. *See In re Passmore*, 156 B.R. 595, 599 (Bankr. E.D. Wis. 1993) (holding that "all funds or assets classified as marital property in which the debtor has an interest are protected by the automatic stay"). But it did not do so. The collection letters cannot reasonably be characterized as seeking to collect from marital property; the invoices are directed solely to the deceased spouse, not to the married couple together and not to the debtor as the wife of her indebted husband.

The debtor cites a number of cases that she claims support her contention that sending collection letters to her deceased husband could be deemed violations of the automatic stay. The cases do not support the debtor's claims. Both *In re Pratt*, 462 F.3d 14 (1st Cir. 2006), and *In re Butler*, No. 07-81047, 2011 WL 806078 (Bankr. C.D. Ill. Mar. 2, 2011), concerned car creditors whose post-discharge conduct against former debtors was found to violate the discharge

injunction. *Pratt* involved a creditor who refused to cooperate with two debtors' vehicle surrender, causing the debtors to suffer financial harm even after the creditor's claim was discharged. *In re Pratt*, 462 F.3d at 17-20. *Butler* involved a creditor who coerced a debtor into agreeing to make payments on a previously discharged car loan to settle the creditor's post-discharge state court collection efforts. *In re Butler*, No. 07-81047, 2011 WL 806078 at *18.

Neither case helps the debtor. As an initial matter, both *Pratt* and *Butler* involved violations of the discharge injunction, not the automatic stay. But more fundamentally, in both cases, creditors were found to have engaged in objectively coercive conduct, causing debtors to make payments on previously discharged debts. Here, as alleged in the complaint and as detailed in the materials the debtor has filed in support of her default judgment motion, Milwaukee Radiologists has not undertaken any remotely coercive actions against the debtor. It sent four invoices, all of which are conceded to be legitimate, to a person, the debtor's deceased husband, who was not protected by the automatic stay. Such conduct is not suspect when a creditor directs its efforts against a non-filing spouse and his or her individual property. *In re Thongta*, No. 07-21837, 2009 WL 1587308, at *3 (Bankr. E.D. Wis. June 5, 2009).

The debtor cites *Butler* for the proposition that "the Seventh Circuit recognizes the 'coercive effects' test," which, she contends, allows for a finding that a facially permissible action can nevertheless violate the automatic stay. (Pl.'s Brief in Supp. 3-4, ECF No. 11.) Contrary to the debtor's statements, *Butler* is an unpublished decision from a bankruptcy court in the Central District of Illinois; that court certainly does not speak or set precedent for the Seventh Circuit. The debtor's misstatement notwithstanding, the Seventh Circuit has at least implicitly acknowledged the "coercive effects" test on which the debtor seeks to rely. *See In re Kuehn*, 563 F.3d 289, 292 (7th Cir. 2009) ("[A] creditor acts to collect a debt if it acts or fails to act, in a coercive manner, with the sole purpose of collecting that debt. This 'test' can't be found in the Code, and situations to which it applies will be rare, because most acts or failures to act have multiple purposes, such as minimizing risk based on creditworthiness.") But this test does not implicate a creditor's efforts to collect on a debt owed by the debtor's non-filing spouse from the non-filing spouse's individual property. *See In re Thongta*, No. 07-21837, 2009 WL 1587308, at *3 (Bankr. E.D. Wis. June 5, 2009).

The debtor also invokes *Trent v. Beneficial Fin. I, Inc.*, explaining the *Trent* "court held that the creditor violated the automatic stay and discharge injunction since the creditor was aware

that any communications to [the] deceased spouse would be received by debtor, and the interpretation of that conduct could be construed as attempts to put pressure on the debtor to pay the debt." (Pl.'s Brief in Supp. 5, ECF No. 11.) The court in *Trent* made no such holding. Rather, the court in *Trent* simply held that factual disputes precluded ruling in either party's favor on their cross-motions for summary judgment. *Trent v. Beneficial Fin. I, Inc. (In re Trent)*, No. 07-81384, 2015 Bankr. LEXIS 1059, *7 (Bankr. E.D. Okla., Apr. 1, 2015). *Trent* is distinguishable because the deceased spouse in *Trent* was a joint debtor in the underlying bankruptcy case before his passing, and both spouses received a discharge for their debts.

Even if the allegations supported finding a stay violation, the debtor's claim for damages is questionable and would bar anything but nominal relief. The Seventh Circuit has explained that the Bankruptcy Code provides a remedy for "financial" damages, not for harm to a debtor's "peace of mind." *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 879-80 (7th Cir. 2001). Emotional distress damages are not available for violations of the stay. *In re Braatz*, 610 B.R. 887, 890 (Bankr. E.D. Wis. 2019). The debtor's claim for "punitive damages" is on even shakier ground. Having never listed Milwaukee Radiologists on her schedules, the debtor is hard-pressed to accuse the defendant of a "willful" violation of the stay sufficient to support punitive damages. *In re Galmore*, 390 B.R. 901, 907 (Bankr. N.D. Ind. 2008) ("Willfulness under § 362(k) requires knowledge that a bankruptcy petition has been filed, whether through formal notice or otherwise."); *Braatz*, 610 B.R. at 892 ("[W]hen a stay violation is no worse than 'willful', in the ordinary sense, i.e., intentional or deliberate, an award of punitive damages is not warranted. The violative conduct must also be egregious or reprehensible."). The court need not reach either of these issues, however, because the complaint does not allege facts sufficient to support a finding that the stay was violated in the first place.

In sum, Milwaukee Radiologists mailed billing letters to the deceased husband of the debtor, not to the debtor herself. Because Milwaukee Radiologists did not attempt to collect the debt directly from the debtor, Milwaukee Radiologists did not violate the debtor's automatic stay. The debtor is not entitled to a default judgment. Rather, her claim for a violation of the automatic stay is insufficient to establish a legally cognizable claim for relief and must be dismissed.

### B. Milwaukee Radiologists' Attempts to Collect a Valid Debt Did Not Violate the Wisconsin Consumer Act.

The debtor's second claim alleges that Milwaukee Radiologists' collection attempts were violations of the Wisconsin Consumer Act, specifically Wis. Stat. §§427.104(1)(h) and (j). The debtor contends that Milwaukee Radiologists' mailing of the four invoices violates both statutory subsections.

Wis. Stat. §427.104(1)(j) prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist." The debtor contends that Milwaukee Radiologists violated this provision by sending requests for payment to the debtor's deceased husband in violation of the automatic stay. This premise is flawed, as the court has already explained. The debtor concedes that Milwaukee Radiologists had a valid claim against her deceased husband. The automatic stay in the debtor's bankruptcy did not preclude Milwaukee Radiologists from sending collection letters to the debtor's deceased husband. The debtor has failed to state a legally cognizable claim under section 427.104(1)(j).

Wis. Stat. §427.104(1)(h) prohibits a debt collector from "[e]ngag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." The debtor contends that Milwaukee Radiologists' mailing of the four invoices constitutes an attempt to collect on a debt in a harassing or threatening manner in violation of section 427.104(1)(h). There is nothing harassing or threatening about Milwaukee Radiologists' mailing of four invoices to collect an admittedly valid debt owed by the debtor's deceased husband.

In *Associates Financial Services Co. v. Hornik*, 114 Wis. 2d 163, 169-70 (Ct. App. 1983), the Wisconsin court of appeals explained that whether collection efforts constitute harassment requires an examination of the frequency, manner, and context of the collection efforts. In that case, the court of appeals confirmed that a creditor's calling debtors sixty-nine times over a 19-month period was insufficient to constitute harassment. *Id.* (citing *Story v. J.M. Fields, Inc.*, 343 So.2d 675, 676 (Fla. App. 1977) (one hundred calls over a five-month period, including calls after a request to stop and an instruction to initiate legal action, were harassment); *Housh v. Peth*, 165 Ohio St. 35, 41 (1956) (three calls made in fifteen minutes to a teacher at work were harassment); *Bingham v. Collection Bureau, Inc.*, 505 F. Supp. 864, 873 (D. N.D. 1981) (fourteen calls made over a one-month period were not harassment when debtors made no

instruction to stop)).

      Here, the frequency, manner, and context of Milwaukee Radiologists' conduct are determinative. The creditor mailed a grand total of four billing letters to the debtor's spouse over a six-month period, aimed at collecting a valid debt. The creditor stopped sending the letters after being notified of his death. The letters do not contain any abusive or threatening language, and they were not followed by abusive or threating calls or other actions. In sum, the conduct identified in the debtor's allegations simply does not rise to a level that could objectively be considered harassment sufficient to violate subsection (1)(h). The complaint is insufficient to establish a legally cognizable claim for relief under Wis. Stat. §427.101(h).

## CONCLUSION

      The debtor is not entitled to a default judgment because her complaint and supporting record establish that she does not have a legally cognizable claim for relief. Accordingly, IT IS HEREBY ORDERED:

1. The debtor's motion for default judgment is denied.
2. This adversary proceeding is dismissed.

March 31, 2020

_____
Brett H. Ludwig
United States Bankruptcy Judge